IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terry Carroll,                                   Case No. 3:06 CV 7017

           Plaintiff,                      ORDER AND JUDGMENT ENTRY

    -vs-                                    JUDGE JACK ZOUHARY

Dan Wilczynski, et al.,

           Defendants.

### INTRODUCTION

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 20). The Court held a Hearing on June 26, 2007, at which time Defendants' Motion was granted.

Plaintiff's Complaint (¶6) alleges seven violations of his civil rights (in contravention of 42 U.S.C. § 1983) by Defendants who include the Mayor and current or former members of the Walbridge Village Council:

- 2/4/03 - Defendants instituted a baseless criminal action in Perrysburg Municipal Court (for blocking access to the strip mall with cement blocks);

- 1/18/04 - Defendants cited Plaintiff, without justification, for blocking access to the strip mall with his truck;

- 1/18/04 - Defendants towed Plaintiff's truck without justification, and kept it for a year;

- 10/20/04 - Defendants instituted appropriation (eminent domain) proceedings without justification;

- 7/8/05 - Defendants caused Plaintiff to be detained even after they were notified that the warrant for which he was arrested had been withdrawn;

- 7/12/05 - Defendants instituted baseless criminal charges in Perrysburg Municipal Court (presumably for the citation issued on July 8, 2005);

- Defendants harassed and intimidated Plaintiff's patrons with baseless traffic violations.

## FACTS

Plaintiff Terry Carroll operates a health/fitness club in Walbridge, Ohio, on land he purchased in 1995. The previous owners of the property, Kazmaier Enterprises, Inc. (a grocery store), gifted an easement across part of the property to the Village of Walbridge in 1984. Plaintiff had full knowledge of the easement when he purchased the property. The easement is located over a private driveway that serves as a side entrance to Plaintiff's business. A strip mall abuts the easement, and the only way to access the rear of the strip mall (for garbage pick-up and deliveries) is to use the easement. The front of the strip mall can be accessed from either the street or the easement.

The granting deed contains no indication of the purpose of the easement. Plaintiff believed there was no right to access private property (*i.e.* the strip mall) via the easement, while Defendants (and the Village officials that came before them) disagreed. The property dispute was decided via a declaratory-judgment action in July 2005 in the Wood County Court of Common Pleas. Judge Kelsey held that an easement in gross had been created, and Plaintiff was permanently enjoined from blocking access to the strip mall from the easement. That case is currently on appeal.

In February 2003, Plaintiff blocked access to the strip mall from the easement with cement parking blocks (though the front of the property could still be reached from the street). Then-Mayor Robson (not a defendant here) informed Plaintiff that he had to move the blocks. Plaintiff refused, and was cited for placing injurious material in a roadway. The case was dismissed by the Village.

In January 2004, Plaintiff again blocked entrance to the strip mall via the easement, this time using his truck. Plaintiff was cited for parking in a "no parking zone" and in a "fire lane," even though it appears this area was not marked "no parking," and was not properly designated a fire lane. The Village towed the truck.

In August 2004, the Village unanimously passed an emergency ordinance authorizing theVillage Law Director to institute appropriation (eminent domain) proceedings on an adjacent property owned by Plaintiff. A Petition for Appropriation was filed in Wood County in October 2004. The Village later withdrew the Petition but paid Plaintiff's cost and fees.

On July 8, 2005, as a garbage truck pulled up to remove trash from behind the strip mall, Plaintiff again used his truck to block access to the rear of the strip mall. When asked to move, he refused. Plaintiff received a written warning from the Village, this time for "parking in front of a public drive." When officers tried to tow the truck away, Plaintiff jumped up into the truck and sat in the bed of the truck. When officers ran the truck's plates, they showed a City of Toledo warrant for Plaintiff's arrest (for dumping material on a neighbor's property). The police officers on the scene arrested Plaintiff pursuant to that warrant. The warrant was quickly vacated by Plaintiff's legal counsel and Plaintiff was released without being taken to jail.

## STANDARD OF REVIEW

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id.* When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or

determine the truth of the matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### DISCUSSION

Plaintiff has **not** alleged *respondeat superior* liability against any of the Defendants, who are current and former Village Council members and the Mayor of Walbridge. Instead, he has sued all eight Defendants in their **individual** capacities (Tr. p. 2). To establish individual liability under 42 U.S.C. § 1983, "a plaintiff must show that the defendants while (1) acting under color of state law (2) **caused** the deprivation of a federal right, constitutional or statutory." *Hahn v. Star Bank*, 190 F.3d 708, 717 (6th Cir. 1999) (emphasis added) (citations omitted). Thus, to satisfy the second element of this test, Plaintiff must present evidence that each of the Defendants themselves **caused** Plaintiff's rights to be violated.

There is only one claim for which evidence of Defendants' conduct clearly exists: namely, the institution of appropriation proceedings. Here, Defendants unanimously passed the ordinance authorizing the institution of appropriation proceedings (Joint Ex. 25, Doc. No. 23). This claim fails, however, because the Council members enjoy absolute immunity. In the Sixth Circuit, "legislators of any political subdivision of a state are absolutely immune from liability under 42 U.S.C. § 1983 insofar as they are acting in a legislative capacity." *Haskell v. Washington Twp.*, 864 F.2d 1266, 1277 (6th Cir. 1988). *See also Hogan v. Village of South Lebanon*, 73 Ohio App.3d 230, 234 (1991) ("[L]ocal legislators are entitled to absolute immunity in Section 1983 suits for conduct undertaken in their legislative capacity"). The U.S. Supreme Court has held that "the decision to exercise the power of eminent domain is a legislative function . . . ." *First English Evangelical Lutheran Church*

4

*v. County of Los Angeles*, 482 U.S. 304, 321 (1987). Therefore, Defendants have absolute immunity for the legislative act of commencing appropriation proceedings. In fact, Plaintiff conceded at the Hearing he no longer complains about the appropriation action (Tr. p. 24) and, in any event, Plaintiff has not shown any bad faith conduct which would support an exception to this rule.

There is also some evidence that on July 8, 2005, Defendant Wilczynski directed Village police officers to give Plaintiff a warning for blocking the driveway, wait thirty minutes, then cite and tow Plaintiff's truck if he refused to move it and that Defendant Liwo was also present when this took place (Schober Depo. p. 39). But the Complaint does not challenge this conduct; rather, it only challenges the institution of "baseless criminal charges" on July 12, 2005. Furthermore, there is no evidence that Defendant Wilczynski personally directed police officers to file criminal charges in Perrysburg Municipal Court. Thus, this claim too fails.

Further, even if sufficient evidence exists from which to infer that Defendant Wilczynski directed police officers to file charges, Plaintiff cannot survive the qualified-immunity inquiry. Qualified immunity is an affirmative defense (Answer ¶ 9) that shields public officials, performing discretionary functions from civil damages, if their conduct does not violate **clearly established statutory or constitutional rights of which a reasonable person would have known.** *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is "clearly established" for qualified-immunity purposes if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). "The concern of the immunity inquiry" is to acknowledge that reasonable mistakes of law can be made. *Id.* at 205. "If the officer's mistake as to what the law requires is reasonable," however, "the officer is entitled to the immunity defense." *Id*. Here, the Record reflects that the July 8, 2005 citation, and subsequent criminal charges, were

5

based on a reasonable, but mistaken, belief regarding the applicability of a Village traffic ordinance. Therefore, even if Plaintiff can point to evidence showing that Defendant Wilczynski directed officers to file criminal charges, he is entitled to qualified immunity.

Other than Defendant Wilczynski, Plaintiff has not advanced any facts that the remaining individual Defendants took any individual action that violated Plaintiff's civil rights as alleged in Paragraph 6 of the Complaint.  At the Hearing, Plaintiff's counsel described these Defendants as "tangetial" (Tr. p. 9).  Plaintiff has no evidence that these other Defendants, who are either former or current members of Council, had a role in the issuance of any criminal or traffic citations or other alleged misconduct toward Plaintiff.  The gravamen of the Complaint appears to be that the "no parking" citations issued to Plaintiff were done without probable cause, but the officers are not defendants in this lawsuit; rather, Plaintiff chose to name Council members and they clearly were not involved in the issuance of traffic citations, or in the prosecution of those cases (Ballenger Aff.).

Finally, Plaintiff's Complaint (¶7) can also be construed to allege a First Amendment retaliation claim.  Essentially, he claims the seven actions listed above were taken in retaliation for voicing opposition to the use of the easement to benefit private businesses.  "There are three elements to a retaliation claim: 1) the plaintiff engaged in protected conduct; 2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) the adverse action was motivated at least in part by the plaintiff's protected conduct." *Pickney Bros. v. Robinson*, No. 98-5097, 1999 U.S. App. LEXIS 24826, at *23 (6th Cir. Sept. 30, 1999) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).

As noted above, Defendants have absolute immunity as to the claim for initiating appropriation proceedings, and qualified immunity as to the claim for instituting criminal charges

6

based on the July 8, 2005 citation.  Further, there is no evidence as to any role by Defendants in any of Plaintiff's other claims (Tr. p. 27).  Finally, summary judgment is appropriate on the retaliation claim because, just as above, Plaintiff cannot prove that any Defendant was involved in any of the alleged adverse actions.

For the reasons stated at the June 26, 2007 Hearing, and the reasons detailed above, it is ordered that Defendants' Motion for Summary Judgment (Doc. No. 20) is granted.

> s/ *Jack Zouhary*
> JACK ZOUHARY
> U. S. DISTRICT JUDGE
>
> June 29, 2007